UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **VANESSA HARMON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-2143 |
| | ) |
| **SMC CORPORATION OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Vanessa Harmon, brings this action against Defendant, SMC Corporation of America, for unlawfully violating her rights protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, et seq., and Indiana Law.

**PARTIES**

2. At all times relevant to this action, Harmon resided within the Southern District of Indiana.

3. Defendant SMC Corporation of America ("SMC") is a corporation which has its corporate headquarters in and does business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. §626, and 28 U.S.C. § 1367.

5. Harmon was an "employee" as that term is defined by the Title VII, 42 U.S.C. § 2000e(f), and the ADEA, 29 U.S.C. §630(b).

6. Defendant is an "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e(b) and the ADEA, 29 U.S.C. §630(b).

7. Harmon exhausted her administrative remedies by filing a charge numbered 470-2020-04075 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights.  Harmon files the instant matter within ninety (90) days of receipt of said notice.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. In December 2013, Defendant SMC hired Plaintiff, Vanessa K. Harmon, female, as a strategic business analyst for projects.

10. More recently, Plaintiff served as Sale Academy Coordinator, and at the end of her employment was earning $59,500 plus bonus and benefits.

11. Harmon's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

12. On or about April 5, 2018, Strategic Business Analyst Bruce Nguyen, a 25 year old Vietnamese national, asked Plaintiff if she would marry him, so that Bruce could remain in the United States, as his visa was expiring.

13. Defendant's then Director of Sales, Donny Nguyen then called Harmon into his office and told Harmon that it would mean a great deal if she would marry Bruce.

14. In November 2018 Bruce again asked Plaintiff to marry him, and told Plaintiff that Donny Nguyen, President Kelley Stacy and Director of HR Ryan Goergen forced him to do so. All three were outside the conference room where Plaintiff and Bruce were meeting. Plaintiff told Bruce that she was afraid she would be fired if she didn't marry him, but refused as she was not comfortable with the arrangement.

15. On August 12, 2020 Defendant's HR Director Ryan Goergen and HR Analyst Carlie Jordan met with Harmon and told her that her position was being eliminated. They offered her an inside sales support position paying $41,500.

16. Male and/or significantly younger who support inside sales earn at least $50,000.

17. At the time Defendant terminated her, Harmon was 42 years old.

18. Harmon asked Goergen and Jordan if she could obtain a lateral transfer to one of two open IT positions for which she qualified. Defendant refused to consider Harmon for the open positions.

19. Defendant had Harmon train Vanessa Knecht, age 24, to do video editing. After she was terminated, Knecht absorbed Harmon's video editing duties.

20. Sales supervisors absorbed Harmon's other duties, including Kyle Higgens, male.

21. Entering into a marriage to evade immigration penalties is a crime for which Harmon could have been criminally liable. 8 U.S.C. § 1325.

22. Defendant has treated similarly-situated male and/or younger employees, and/or employees who did not refuse to perform unlawful behavior more favorably.

23. Harmon has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Sex Discrimination

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant took adverse employment actions against Plaintiff because of her national origin.

26. Similarly-situated male individuals have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

### Count II: Age Discrimination

28. Harmon incorporates paragraphs one (1) through twenty-seven (27) of her Complaint herein.

29. Defendant intentionally and willfully discriminated against Harmon because of her age.

30. Similarly-situated younger employees have been treated more favorably than Harmon.

31. The reasons put forth by Defendant for terminating Harmon are pretextual.

### Count III: *McClanahan* Action

32.  Harmon hereby incorporates paragraphs one (1) through thirty-one (31) of this Complaint, as if the same were set forth at length herein.

33.  The behavior that Defendants wanted Harmon to engage in is in violation of law.

34.  Defendant terminated Harmon in retaliation for her refusal to engage in behavior that was in violation of law and that would have subjected her to criminal and/or civil penalties.

35.  As a result of Defendants' unlawful actions, Harmon has suffered damages.

### **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Vanessa K. Harmon, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1.  Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2.  Enjoin Defendants from future violations of Title VII and the ADEA;

3.  All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4.  Compensatory, consequential, and punitive damages;

5.  Liquidated damages for intentional violations of the ADEA;

6.  All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7.  Pre- and post-judgment interest on all sums recoverable; and

8.  All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:	(317) 955-9500
Facsimile:	(317) 955-2570
E-Mail:	jhaskin@jhaskinlaw.com
E-Mail:	plogan@jhaskinlaw.com
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Vanessa K. Harmon, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:	(317) 955-9500
Facsimile:	(317) 955-2570
E-Mail:	jhaskin@jhaskinlaw.com
E-Mail:	plogan@jhaskinlaw.com
Attorneys for Plaintiff